-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES M. KENNEY,

        Plaintiff,

    -v-

ABRAHAM J. HERSCHFELD,

        Defendant.

**DECISION and ORDER**
05-CV-0467A

---

## INTRODUCTION

The Plaintiff James Kenney[1] has filed this *pro se* action based on what he describes as a breach of contract (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). The Plaintiff claims that he and the Defendant entered into a contract on July 3, 1999 in which he agreed to secure a more favorable sentence for the Defendant in a criminal matter (*People of the State of New York v. Herschfeld*) and the Defendant agreed to pay to the Plaintiff $500,000, plus expenses. The Plaintiff then claims that Defendant "obstructed" his performance of his obligations under the contract when he refused to pay expenses and by the "solicitation of a crime." The Plaintiff requests $510,000 and pre-and post-judgment interest for the Defendant's alleged breach. The Complaint also notes that a copy of the written contract is attached to the Complaint but

---

[1] Mr. Kenney, according to the electronic records of the Clerk's Office, has filed nine cases, including the instant one, *pro se* in this Court since 1995; five of the cases were dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e) and its predecessor, 28 U.S.C. § 1915(d) (96-CV-6449DGL, 96-CV-6498DGL, 01-CV-0740E, 03-CV-0512E and 03-CV-740E); one was transferred to another district (95-CV-0787S); one was dismissed following the filing of a motion to dismiss and plaintiff's failure to comply with an order to show cause as to why the case should not be dismissed for failure to prosecute (95-CV-0109A); and one was dismissed by a stipulation of dismissal filed shortly after defendants answered the complaint (04-CV-0418A).

it is not. For the reasons discussed below, the Plaintiff's request to proceed as a poor person is granted, but unless the Plaintiff files an amended complaint as directed below, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

It appears that what the Plaintiff is attempting to allege, credibly or not, is that he is an attorney who agreed to represent the Defendant in a state court criminal matter and that, in exchange for promising to secure a "more favorable sentence at time of adjudication (probation/suspended sentence)" for the Defendant, the Defendant agreed to pay him $500,000 plus expenses, but that the Defendant prevented the Plaintiff from performing his obligations under the contract by not paying expenses and by the "solicitation of a crime," thereby breaching their agreement.

Based on these allegations, the Court finds that the Plaintiff has failed to state a claim for relief against the Defendant. The elements of a cause of action for breach of contract in New York[2] are the formation of a contract between plaintiff and Defendant, performance by plaintiff, Defendant's failure to perform, and resulting damages. *E.g.*, *Furia v. Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12 (2d Dept 1986). The Complaint, separate and apart from the questions regarding the factual veracity of some of the allegations, fails to allege sufficient facts upon which the Court can determine whether or not the Complaint states a claim for relief for breach of contract against what appears to be a former client of the Plaintiff. See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, therefore, will permit the

---

[2] The basis of subject matter jurisdiction for this claim is diversity of citizenship, 28 U.S.C. § 1332, and pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the law of the State of New York applies to this action.

Plaintiff to file an amended complaint in which the necessary allegations regarding his claim are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the Plaintiff to amend his Complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Additionally, although it is clear from the Plaintiff's Complaint that he believes that he entered into a contract that was breached by the Defendant, the facts as alleged simply seem implausible, if not frivolous, and it is simply too difficult to determine from the Complaint the true nature of the agreement between the parties and the alleged breached of it.

The same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), citing to what is now 28 U.S.C. § 1915(e).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist.... Examples of the latter class are claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28, 1833 (citations omitted).

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733, 118 L.Ed.2d 240 (1992)

(quoting *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833).

The Federal Rules of Civil Procedure provide:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).  The Complaint submitted by the Plaintiff does not comply with this rule. The Court of Appeals for the Second Circuit has held:

> The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment be "concise and direct." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."
>
> When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to

4

> dismiss the complaint or to strike such parts as are redundant or immaterial. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any is well disguised." Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend. This is especially true when the complaint states a claim that is on its face nonfrivolous.

Simmons v. Abruzzo, 49 F.3d 83, 86-7 (2d Cir. 1995) (citations omitted).

Accordingly, the Court will direct the Plaintiff to file an amended complaint wherein he sets forth facts sufficient to allege a breach of contract claim against the Defendant. For example, the Plaintiff should factually allege in non-conclusory terms, in addition to what is now alleged in the Complaint, that he entered into a contract with the Defendant, the specific terms of the contract, what acts he performed under the contract, what acts the Defendant engaged in or failed to engage in which the Plaintiff claims was a breach of the terms of the contract and what damages he suffered as a result of the alleged breach. Furthermore, the Plaintiff should state whether or not he is or was an attorney admitted to practice in the State of New York or, if not an attorney, the capacity in which he allegedly agreed to assist the Defendant in obtaining a more favorable sentence for him. The Plaintiff should also, as stated in the Complaint, attach a copy of the contract at issue.

## **CONCLUSION**

Because the Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed in forma pauperis is granted. For the reasons set forth above, the Plaintiff's Complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **August 25, 2005** in which he includes the necessary

allegations regarding his breach of contract claim as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

The Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also, Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, the Plaintiff's amended complaint must include all of the allegations against the Defendant so that the amended complaint may stand alone as the sole complaint in this action.

The Plaintiff is forewarned that if he fails to file an amended complaint as directed, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that the Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that the Plaintiff is granted leave to file an amended complaint as directed above by **August 25, 2005**;

FURTHER, that the Clerk of the Court is directed to send to the Plaintiff with this order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event the Plaintiff fails to file an amended complaint as directed above by **August 25, 2005**, the Complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the Complaint is dismissed because the Plaintiff has failed to file an amended complaint by **August 25, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the Complaint is dismissed because the Plaintiff has failed to file an amended complaint by **August 25, 2005**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   July __, 2005
         Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

P:\Duty Judge orders\05-0467.amd.wpd