-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES M. KENNEY,

                    Plaintiff,

            -v-                                    05-CV-0467A

                                            MEMORANDUM and ORDER

ABRAHAM J. HERSCHFELD,

                    Defendant.

---

## INTRODUCTION

Plaintiff, James Kenney,[1] filed this action *pro se* alleging that defendant, the late

Abraham Herschfeld, breached a contract the two had entered into wherein Herschfeld

allegedly agreed to pay Kenney $500,000 in exchange for Kenney's help in somehow

securing a more favorable sentence for Herschfeld on a state court conviction.

Hershfeld, who died shortly after filing of the complaint,[2] was a colorful character and

---

[1]Mr. Kenney, according to the electronic records of the Clerk's Office, has filed nine cases, including the instant one, *pro se* in this Court since 1995; five of the cases were dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e) and its predecessor, 28 U.S.C. § 1915(d) (96-CV-6449DGL, 96-CV-6498DGL, 01-CV-0740E, 03-CV-0512E and 03-CV-740E); one was transferred to another district (95-CV-0787S); one was dismissed following the filing of a motion to dismiss and plaintiff's failure to comply with an order to show cause as to why the case should not be dismissed for failure to prosecute (95-CV-0109A); and one was dismissed by a stipulation of dismissal filed shortly after defendants answered the complaint (04-CV-0418A).

[2]On November 14, 2005, the Court was notified via a letter, dated November 2, 2005, and a copy of the death certificate (Docket No. 5), that Herschfeld had died and that no executor had yet been appointed. No one filed a motion for substitution, pursuant to Fed.R.Civ.P. 25(a), within 90 days after the death "was suggested upon the record," and therefore this action may be dismissed against Herschfeld on that basis alone. There is no evidence, however, that Kenney was ever notified of the death or that the death was suggested on the record. Kenney was not copied on the letter submitted to the Court regarding Herschfeld's death. In any event, as discussed below, the action must be dismissed as frivolous. *See* 28 U.S.C. §

real property magnate in New York City who frequently ran for public office in New York and was convicted in 2000 for criminal solicitation after he was charged with hiring a hit man to kill his business partner.[3]

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court directed Kenney to file an amended complaint in which he sufficiently pled a breach of contract claim against Herschfeld.  The Court also noted that Kenney appeared to be alleging that he was an attorney and was attempting to assist Herschfeld in his criminal matter, and that the allegations of the complaint seemed not only implausible but also frivolous and subject to dismissal as such under § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing to what is now 28 U.S.C. § 1915(e). (Docket No. 3).

### DISCUSSION

Plaintiff's amended complaint clarifies that Kenney is not alleging that he is an attorney and alleges that he agreed in a "written contract"[4] to assist Herschfeld by a procedure known as "Third Party Cooperation" where Kenney would provide cooperation to the New York County District Attorney's Office in exchange for a "downward departure" of Herschfeld's sentence. (Docket No. 4, Amended Complaint,

---

1915(e)(2)(B)(I).

[3]Obituaries, Abe Hirschfeld, TIMESONLINE (Aug. 16, 2005), http:www.timesonline.co.uk./article/0.

[4]The Court's Order directing Kenney to file an amended complaint directed Kenney to provide a copy of the written contract, which he has not done.

2

¶ 5). Kenney claims that he would have provided "substantial intelligence" in relation to matters involving "major narcotics traffickers" and that in consideration for those "services" Herschfeld would pay him $500,000 and expenses.  Kenney claims he performed his obligations under the contract but Herschfeld did not pay him for his performance under the contract.

Based on a review of the amended complaint, it is clear that Kenney's claims are simply frivolous and must be dismissed. As set forth in the Court's initial Order (Docket No. 3), the same statute that allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* "authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if satisfied that the action is frivolous or malicious.'" *Neitzke*, 490 U.S. at 324 (1989) (citing to what is now 28 U.S.C. § 1915(e)).

> Section 1915[e] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suits and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11.  To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  Examples of the former class are claims against which it is clear that the defendants are immune from suit ... and claims of infringement of a legal interest which clearly does not exist....  Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28, 1833 (citations omitted).

> [T]he § 1915[e] frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts. ... [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 327.

Plaintiff's claim that he entered into a contract with Herschfeld to provide "substantial intelligence" to law enforcement agencies so that Herschfeld would receive lenience on his sentence and that Herschfeld agreed to pay him $500,000 plus expenses for this, is exactly the type of "fanciful," "fantastic," and "delusional" claim that warrants sua sponte dismissal under § 1915(e)(2)(B). Accordingly, Kenney's amended complaint is dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the

4

United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice and the Clerk of the Court should take all necessary steps to close this matter;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied; and

FURTHER, the Clerk of the Court is directed to send a certified copy of this Order to J. Maples & Associates, 535 W.34th Street, New York, N.Y. 10001.

SO ORDERED.

DATED:      Buffalo, New York

June 29, 2006

JOHN T. ELFVIN

UNITED STATES DISTRICT JUDGE

5